(No. 3737—

Ruth Cassity, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 14, 1945.*

*Petition of claimant for rehearing denied May 8, 1945.*
*Motion of claimant to set aside denial of petition for rehearing denied November 13, 1945.*

Frank R. Eagleton, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed on August 3, 1942. Claimant alleges that on or about the 4th day of August 1941 she was employed as an attendant at the Manteno State Hospital; that on the 4th day of August, 1941, while in the course of her employment and the performance of her duties, she was kicked in the stomach by an insane patient, and, as a result of said kick, is now totally disabled.

The record consists of the Complaint, Departmental Report, Rule to Show Cause, Claimant's Motion for an Extension, Stipulation with Claimant's Exhibits A, B, C and D, Transcript of Claimant's Evidence, Claimant's Statement, Brief and Argument, Respondent's Statement, Brief and Argument, and Reply Brief of Claimant.

Claimant testified that she was injured on the 4th day of August, 1941, and that she remained at the State Hospital at Manteno for one month ''or a day or two over''; that she then took sick leave and went to Danville, Illinois. She further testified that about the second or third day after she arrived at Danville, Illinois, she was taken to the Lake View Hospital, and called Dr. Dickerson. Dr. Dickerson reports that he was first called on September 22, 1941 to treat Mrs. Cassity at the Lake View Hospital in Danville, Illinois. The report of the Manteno State Hospital, filed herein, states that she failed to report for duty and was reported ''as a quit-short resignation,'' and further that she was discharged from the hospital on August 19, 1941. She was paid her full salary for the month of August 1941. The report of the Manteno State Hospital further shows that on August 2, 1941, while working in the hospital, claimant was

kicked in the center of the chest by a disturbed patient. She was immediately seen by the hospital physician, who, after examining her, stated there were no visible signs of injury. She was not hospitalized, and resumed her usual duties. Later, on August 18, 1941, she entered the hospital complaining of nausea and vomiting. She volunteered that she had had similar attacks of this nature, the previous one being about six weeks before, and she stated at that time the cause of her then illness was the witnessing of a colored patient in an epileptic seizure. The report further shows ''the physical examination at this time revealed that she had extensive gynecological and gastric surgery.'' The same report, signed by Edward Ross, M. D., Managing Officer, Manteno State Hospital, concluded ''It is our candid opinion that no deleterious effects resulted from her injury on August 2, 1941. Our records do not indicate that any demands on this hospital have been made for further compensation or medical attention.''

Exhibit B, attached to the Stipulation herein, is a letter from D. L. Dickerson, M. D. of Danville, Illinois, who stated that on September 22, 1941 he was called to the Lake View Hospital at Danville to attend Mrs. Cassity. He found her in distress and said ''the injury which the patient believed responsible for her distress was trauma high in her epigastrium that resulted in periodic attacks of pain, similar to but never as severe as the attack at that time. Examination of the abdomen revealed a dome-like contour with moderate distension. The skin was marked by several former surgical incisions. Rebound tenderness was unusually present, especially in the upper abdomen. * * The left foot and ankle were encased in a plaster cast due to an injury not associated with the injury in question.'' Dr. Dickerson

concludes "It is my opinion that the cause of Mrs. Cassity's distress or condition was produced by deep trauma to the abdomen, associated with previous abdominal surgery, which resulted in partial intestinal obstruction. She has been unable to work from the time of the injury and will be for some time."

Exhibit D, filed herein, is a letter signed by W. L. Couch, Assistant Superintendent of Charities, Department of Public Welfare, to Frank R. Eagleton, attorney for claimant. This letter is as follows:

"I have a letter from Dr. Major H. Worthington, superintendent of the Research and Educational Hospitals, in which he discusses among other things the facts in the case of Ruth Cassity. I am not enclosing a copy of his letter only because he has written me in a rather personal way. I will quote one paragraph of Dr. Worthington's letter.

"Keep these two points in mind—a kick in the chest or over the sternum means an injury to the bony thorax enclosing the lungs and heart—the epigastrium refers to the soft parts of the lower abdomen over the stomach and intestines." In another section of the letter, Dr. Worthington states—

"If the original injury was a kick in the chest, the symptoms now complained of would· have no bearing on the original injury." In view of the fact that the matter was referred to Dr. Worthington in an effort to assist us in getting at the facts, I have, of course, sent a copy of this letter to Mr. Nebel in the Attorney General's Office, as he, too, should have this information."

No other reference to an examination by a Dr. Worthington appears in the record of this case, and no medical testimony has been presented.

Claimant's testimony is vague and indefinite. She testifies that a month after the injury she left the hospital at Manteno for Danville, and that the second or third day after she arrived at Danville she became suddenly ill and was taken to the Lake View Hospital at Danville, and Dr. Dickerson was called to treat her; that he treated her for six months or more; that thereafter Dr. Dickerson became ill and entered a sanitarium. In

answer to a question of whether she had been able to work since the injury she answered, "I have not worked at any time since then." She testified that she had had three or four abdominal operations before the injury complained of.

There is no competent proof of the nature of claimant's injury—the cause or duration thereof. No objective condition or symptom appears. The claim is based entirely upon the subjective complaint of the claimant. The entire record is insufficient to meet the requirements of Section 8(I 3) of the Workmen's Compensation Act.

Also, as pointed out in the brief filed herein by the Attorney General:

Liability under the Workmen's Compensation Act cannot rest on imagination, speculation, or conjecture, nor on a choice between two views equally compatible with the evidence, but such liability must arise out of the facts established by a preponderance of the evidence.

*Springfield Dist. Coal Co.* v. *Ind. Com.*, 303 Ill. 528.
*Libby, McNeill & Libby* v. *Ind. Com.*, 320 Ill. 293.
*Rittler* v. *Ind. Com.*, 351 Ill. 338.
*Rosenfield* v. *Ind. Com.*, 374 Ill. 176.
*Mandell* v. *State*, 12 C. C. R. 49.
*Pesavanto* v. *State*, 12 C. C. R. 474.
*Alexander* v. *State*, 13 C. C. R. 5.
*Brachenbush* v. *State*, 13 C. C. R. 20.
*Nichols* v. *State*, 13 C. C. R. 80.
*Pearman* v. *State*, 13 C. C. R. 84.

Respondent, by the Attorney General, contends that to base an award upon such a record as is now before the Court would be at best speculatory. The evidence could very well support the view that the present condition of claimant existed for some time prior to the injury complained of; that the statements of claimant are vague and indefinite in regard to the type and extent of disability which she allegedly suffers, and that to make an award based upon such a set of facts would require considerable speculation or conjecture, which is contrary to the previ-

ous holdings of this Court and the Supreme Court of Illinois.

Claimant in this case is represented by very able counsel, entirely familiar with the requirements under the Workmen's Compensation Act, and it can be safely assumed that had there been evidence to sustain the contentions of claimant, such evidence would have been fully presented.

We must agree with the contention of the Attorney General that to base an award on the record of this case would be merely speculation and conjecture.

For the reasons stated, an award is denied.